# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE RAMOS, | No. 4:25-CV-01203 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SANCITY, LLC, MUHAMED MOHAMUD, and AMAZON LOGISTICS, INC., | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 20, 2026

**I.   BACKGROUND**

On July 2, 2025, Defendant Amazon Logistics, Inc. ("Amazon") removed this case from the Court of Common Pleas of Clinton County to the Middle District of Pennsylvania.[1] By stipulation, Plaintiff Lee Ramos ("Plaintiff") filed an Amended Complaint on October 20, 2025, bringing a three-count complaint against Amazon as well as Defendants Muhamed Mohamud ("Mohamud") and Sancity, LLC ("Sancity") (collectively with Amazon, "Defendants"), seeking to recover against all three Defendants for negligence and negligence per se, and to recover against Amazon and Sancity for negligent hiring and supervision.[2]

---

[1]   Doc. 1 (Removal).
[2]   Doc. 15 (Amend. Compl.) at 6-13.

On November 3, 2025, Amazon filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The following day, Defendants Mohamud and Sancity filed their own motion seeking the same.[4] The motions are now ripe for disposition; for the reasons that follow, they are granted in part and denied in part. However, Plaintiff will be provided leave to amend the complaint.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[5] and *Ashcroft v. Iqbal*,[6] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that,

---

[3] Doc. 17 (Mot.).
[4] Doc. 19 (Mot.).
[5] 550 U.S. 544 (2007).
[6] 556 U.S. 662 (2009).
[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[8]

B.  **Facts Alleged in the Amended Complaint**

In the Amended Complaint, Plaintiff alleges the following:

On July 28, 2022, Plaintiff was driving his vehicle on Interstate 80 westbound in Sandy Township, Clearfield County.[9] At that time, Mohamud was driving a commercial tractor-trailer with the Amazon logo on the trailer, and that, "upon information and belief, at the time in question, Mr. Mohamud, was hauling freight for Amazon in a tractor owned by Amazon, under the control of Amazon and operating under the direction of Amazon."[10] Plaintiff asserts separately that "the tractor operated by Mr. Mohamud was, at the time of the accident, owned by Sancity and/or Amazon and being operated by Mr. Mohamud while in the employment and/or agency of Sancity and/or Amazon for Sancity's and/or Amazon's financial benefit."[11]

It is alleged that Mohamud's tractor-trailer slammed into the back of the vehicle driven by Ramos, causing a multi-vehicle crash that closed the interstate for

---

[8] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[9] Doc. 15 at ¶ 12.
[10] *Id.* at ¶¶ 15-16.
[11] *Id.* at ¶ 14

3

a considerable time.[12] The collision was alleged to have occurred during a heavy rainstorm.[13] Pennsylvania State Police Investigator Tyler Blanair's report concluded that Mohamud's failure to operate the vehicle in a manner safe for conditions, specifically going too fast and following too closely, caused the crash, and finding that Mohamud was careless in the operation of his tractor-trailer.[14] Mohamud was cited by Pennsylvania State Police for "Operating a Vehicle Without proper Safety Equipment, in violation of 75 Pa. C.S. 4107(B)(2); and Following Too Closely, in violation of 75 Pa. C.S. 3310(A)."[15] Mohamud ultimately pled guilty to both traffic citations.[16]

### C. Analysis

Plaintiff brings two types of claims: direct negligence and vicarious liability.[17] Plaintiff brings his direct negligence claims against all Defendants and those for vicarious liability against Sancity and Amazon only.

---

[12] *Id.* at ¶ 18.
[13] *Id.* at ¶ 20.
[14] *Id.* at ¶ 20.
[15] *Id.* at ¶ 21.
[16] *Id.* at ¶ 22.
[17] Doc. 15 (Amend. Compl.) at 6, 9, 13; Doc. 21 (Br. in Opp.) at 5-6. Originally, Plaintiff pled negligence per se as a separate cause of action, but has since agreed that negligence per se is a theory encapsulated in the broader negligence claim. Doc. 21 at 6 ("Ramos has no objection to subsuming the allegations of the negligence per se claim (Count I) into his claim for negligence (Count II), and would so amend his complaint as required"). Accordingly, the Court will address the more general negligence claim.

Additionally, Defendants moved to dismiss punitive damage theories, to which Plaintiff indicated that he had not intended to plead any such theories. Doc. 18 at 15; Doc. 20 at 8; Doc. 21 at 6. As Plaintiff has not pled punitive damages, there is nothing to dismiss regarding such theories and, therefore, this will not be addressed.

### 1. Direct Negligence

It is well established in Pennsylvania law that a pure negligence claim requires proof of four elements: duty, breach, cause, and harm.[18] Plaintiff's claims will be addressed in turn by reference to the individual Defendants.

#### a. Mohamud

Plaintiff has pled sufficient facts to allow a direct negligence claim to proceed against Mohamud, the driver of the vehicle.[19] First, "[u]nder Pennsylvania law, it is well-established that a person operating a motor vehicle has a duty to 'exercise ordinary and reasonable care under the circumstances to avoid injury to others.'"[20] Mohamud, as the driver of the vehicle, therefore had a duty to other motorists, including Ramos. Second, Plaintiff has pled sufficient facts from which the remaining elements can be inferred. Specifically, Plaintiff has pled that Mohamud breached his duty of care by exceeding a safe speed for the conditions and for following too closely, for which, as noted above, he received a citation.[21] Similarly, Plaintiff's complaint states that Mohamud's driving caused the instant crash,

---

[18] *See, e.g., Jordan v. Pa. State Univ.*, 276 A.3d 751, 771 (Pa. Super. 2022); *Sharpe v. St. Luke's Hospital*, 573 Pa. 90, 95 (2003).

[19] It is unclear to what extent Defendant Mohamud moves to dismiss the bare negligence claim against him, as Defendants Mohamud and Sancity's joint brief does not address the issue. Regardless, as Defendants move to dismiss the entire complaint, the Court will address this theory briefly.

[20] *Ciotola v. Star Transportation & Trucking*, 481 F. Supp. 3d 375, 387 (M.D. Pa. 2020) (quoting *Adley Express Co. v. Willard*, 372 Pa. 252 (1953)).

[21] Doc. 15 at ¶¶ 20, 35(a)-(h).

resulting in Plaintiff's injuries including concussion, right knee surgery, headaches, and other medical problems.[22]

Moreover, Plaintiff has pled sufficient facts to utilize negligence *per se* as a theory of recovery for negligence. Negligence *per se* imports the standard of care appropriate to the underlying court by reference to a statutory scheme.[23] "Pennsylvania's time-honored rule [is] that a violation of a statute may be negligence *per se* upon which liability may be grounded if such negligence is the proximate and efficient cause of the incident."[24] As Mohamud was charged with and pled guilty to the citation of "Following Too Closely," which could have plausibly been the proximate cause of the accident based on the pleadings, Plaintiff's direct negligence claim against Mohamud survives. Accordingly, Defendants' motion to dismiss is denied as to the negligence claim against Mohamud.

### b.    Sancity & Amazon

Next, the direct negligence claims against Sancity and Amazon, including the negligent hiring and supervision claims, will be dismissed. First, Plaintiff does not plead any facts to indicate the general negligence of Sancity or Amazon related to the crash aside from hiring and supervision. Plaintiff pleads a list of potential causes of the accident that he asserts constitute negligence, but all of them are related to the

---

[22]   *Id.* at ¶¶ 25, 26.
[23]   *Cabiroy v. Scipione*, 767 A.2d 1078, 1082 (Pa. Super. 2001).
[24]   *Moore v. Sylvania Elec. Prods. Inc.*, 454 F.2d 81, 83 (3d Cir. 1972).

operation of the vehicle.[25] Plaintiff does not plead any facts to indicate how Amazon or Sancity could be negligent in the operation of the vehicle itself.[26] The potential avenue for direct negligence would come only from the hiring and supervision, if at all. Accordingly, any claims against Sancity and Amazon for general negligence are dismissed.

Similarly, Plaintiff's claims for direct negligence related to the hiring and supervision of Mohamud will be dismissed as well. Preliminarily, the theories of negligent hiring, selection, retention, or supervision are "predicated upon an employer-employee relationship."[27] There are a series of factors to be considered in determining whether an employer-employee relationship existed, including the employer's ability to control, supervise, and manage the employee's actions.[28] "The factors entitled to the most weight are 'whether the purported employer has the right to hire and fire the employee; whether the employer has the right to direct the manner of the employee's performance of the work; and whether the employer has the right to control the work to be completed.'"[29]

---

[25] Doc. 15 at ¶35 (a)-(h) (*e.g.* "failure to exercise proper, adequate, or reasonable control over Defendants' vehicle sufficient to avoid striking Mr. Ramos' vehicle;" or "[f]ailing to maintain an assured, clear distance between Defendants' vehicle and Mr. Ramos' vehicle;").

[26] For instance, Plaintiff does not plead that a corporate representative sat in Mohamud's passenger seat telling him to drive faster.

[27] *Allen v. Foxway Trans.*, 705 F. Supp. 3d 297, 313 (M.D. Pa. 2023) (Brann, J.).

[28] *Allen*, 705 F. Supp. at 308-09.

[29] *Id.* at 309 (quoting *Ciotola v. Star Trans. & Trucking*, 481 F. Supp. 3d 375, 390 (M.D. Pa. 2020).

Plaintiff has failed to plead any facts tending to show an employer-employee relationship between Sancity and Mohamed; indeed, Plaintiff pleads nothing at all about Sancity's involvement in the crash. Plaintiff states that the tractor was "owned by Sancity" and operated by Mohamud "while in the employment and/or agency of Sancity . . . for Sancity's . . . benefit." However, these conclusory allegations unsupported by facts cannot withstand a motion to dismiss.[30] Accordingly, Plaintiff's claims for negligent hiring and supervision against Sancity is dismissed and Defendant Sancity's motion to dismiss granted.

As for Amazon, Plaintiff has pled some facts rendering a finding of agency plausible; namely, Plaintiff has pled that the truck displayed an Amazon logo and that Mohamud was "hauling freight for Amazon in a tractor owned by Amazon, under the control of Amazon and operating under the direction of Amazon."[31] Moreover, a rebuttable presumption of employment arises when "'a business automobile, bearing the trade[ ]name of defendant, [is] displayed thereon in such a

---

[30] *Bolles v. One West Bank*, No. 3:10-2556, 2014 WL 888517, at *4 (M.D. Pa. Mar. 6, 2014) ("[C]onclusory allegations of an agency or employment relationship are insufficient to survive a motion for judgment on the pleadings."); *Garczynski v. Countrywide Home Loans*, 656 F. Supp. 2d 505, 512 (E.D. Pa. 2009) (finding conclusory allegations of agency without factual support insufficient to survive a motion to dismiss).

Plaintiff pleads no explanation as to why he believes Sancity was involved in the crash at all; for instance, Plaintiff pled that the Amazon logo was on the side of the truck and that Mohamud was hauling freight for Amazon. Doc. 15 at ¶ 16. Plaintiff has made no such representation for Sancity, including any facts demonstrating why he believes Sancity is involved, and consequently only relies on conclusory allegations. Sancity makes no representation one way or the other regarding its employment of Mohamud. Doc. 19 (Mot.).

[31] Doc. 15 at ¶¶ 15, 16.

manner as trade or business names are usually placed on vehicles used for trade or business purposes.'"[32] Plaintiff has therefore pled sufficient facts to "raise a reasonable expectation that discovery will reveal evidence" of the elements of his claim, specifically, an employer-employee relationship between Mohamud and Amazon.[33]

However, regardless of the employment relationship of either Sancity or Amazon to Mohamud, Plaintiff has not pled sufficient facts to support a claim for negligent hiring and/or supervision against either party.[34] "An employer owes a duty 'to exercise reasonable care in selecting, supervising and controlling employees.'"[35] Negligent supervision and hiring claims stem from "two duties of an employer: the duty to reasonably monitor and control the activities of an employee, and the duty to abstain from hiring an employee and placing that employee in a situation where the employee will harm a third party."[36] A claim for negligent hiring requires a

---

[32] *Lynn v. Cepurneek*, 352 Pa. Super. 379, 384 (1986) (quoting *Capozi v. Hearst Publishing Co.*, 371 Pa. 503, 511 (1952)) *cited by Coryell v. Morris*, 330 A.3d 1270, 1280 (Pa. Super. 2025); *see also Fulerton v. Motor Exp.*, 375 Pa. 173, 175 (1953); *Hillwig v. Joseph T. Ryerson and Son*, No. 93-2455, 1994 WL 88081, at *3 (E.D. Pa. Mar. 18, 1994).

[33] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

[34] Additionally, the Court notes that "federal courts in Pennsylvania have found 'a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident occurred.'" *Tjokrowidjojo v. San Lucas*, No 20-6564, 2021 WL 1143379, at *2 (E.D. Pa. Mar. 25, 2021) (collecting cases). An exception to this rule is provided when a case for punitive damages can be sustained against the employer. *Id.* However, as Defendants have not admitted an agency relationship, let alone that Mohamud was acting in the scope of his employment, the Court need not address the issue now.

[35] *M.S. ex rel. Hall v. Susquehannah Twp. Sch. Dist.*, 43 F. Supp. 3d 412, 432 (M.D. Pa. 2014) (quoting *R.A. ex rel. N.A. v. First Church of Christ*, 748 A.2d 692, 697 (2000)).

[36] *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 488 (3d Cir. 2013).

showing of foreseeability of the injury by the employer;[37] specifically, Plaintiff must demonstrate that "the employer knew or should have known" of the employee's propensity to injure others when hiring them.[38] "An employer knows, or should know, of the need to control an employee if the employer knows that the employee has dangerous propensities that might cause harm to a third party."[39] "A harm is foreseeable if it is part of a general type of injury that has a reasonable likelihood of occurring."[40] "[F]ederal courts routinely dismiss negligent hiring claims under Rule 12(b)(6) if the plaintiff fails to allege a specific instance of past misconduct."[41]

Here, Plaintiff's claims for negligent hiring and supervision against Amazon and Sancity fail. Plaintiff has not pled sufficient facts, rather conclusory allegations, to permit these claims to go forward; Plaintiff pleads only that "Mohamud had traffic infractions in other jurisdictions outside of Pennsylvania that questioned his suitability for employment and/or agency with said companies" and that "Ramos suffered injury due to the failure of Sancity and Amazon failure [sic] to properly vet Mr. Mohamud and ensure that he was a competent [sic] to safely operate a tractor-

---

[37] *Belmont*, 708 F.3d at 491.
[38] *See Matos v. Uber Techs., Inc.*, No. 23-5038, 2024 WL 3238127, at *6 (collecting cases).
[39] *Belmont*, 708 F.3d at 491.
[40] *Id.*
[41] *Fusco v. Uber Techs.*, No. 17-00036, 2018 WL 3618232, at *5 (E.D. Pa July 27, 2018) (collecting cases); *Matos*, 2024 WL 3238127, at *6; *Klingaman v. J&R Schugel Trucking*, No. 5:25-CV-00584, 2025 WL 3079978, at *3 (E.D. Pa. Nov. 4, 2025) ("Plaintiff fails to establish why or how [Defendant] knew or should have known of [employee's] propensity by offering facts related to [employee's] background, any prior misconduct, or how [Defendant's] hiring and oversight practices were deficient.").

trailer on public highways."[42] These are conclusory allegations that do not plausibly raise an inference that either Sancity or Amazon was on notice of any tendency of Mohamud to injure others. The mere reference to "traffic infractions in other jurisdictions" is insufficient, as the traffic infractions would need to be of a similar nature to the instant crash so as to render Sancity or Amazon negligent in their hiring of Mohamud. Similarly, there are no factual pleadings to support the conclusion that either Defendant failed to properly supervise Mohamud; indeed, there is no reference at all to training procedures by either Defendant in the pleadings. "While Plaintiff argues he needs additional discovery to develop the factual basis of the claim, he has not provided sufficient details to survive a motion to dismiss" on negligent hiring.[43]

Therefore, Plaintiff's direct negligence claims against Sancity and Amazon are dismissed. Plaintiff's direct negligence claim against Mohamud will survive.

### 2. Vicarious Liability

The doctrine of *respondeat superior* holds employers vicariously liable for the negligent conduct of their employees when those acts were committed during the course of and within the scope of the tortfeasor's employment.[44] "'Under

---

[42] Doc. 15 at ¶¶ 51-52.
[43] *Klingaman*, 2025 WL 3079978, at *2 (E.D. Pa. Nov. 4, 2025).
[44] *Fitzgerald v. McCutcheon*, 370 Pa. Super. 102, 106 (Pa. Super. 1979); *Lunn v. Yellow Cab Co.*, 403 Pa. 231, 235 (1961).

Pennsylvania law, to establish vicarious liability, a plaintiff must show a master-servant relationship existed.'"[45]

As I have held above, Plaintiff has pled sufficient facts to plausibly raise an inference of employment between Mohamud and Amazon, but not between Mohamud and Sancity. Accordingly, Defendant Amazon's motion to dismiss is denied as to Plaintiff's vicarious liability claim against it, while Defendant Sancity's motion to dismiss is granted as to the same. Plaintiff's vicarious liability claim against Amazon may proceed.

## III.  CONCLUSION

Defendants' motions to dismiss pursuant to Rule 12(b)(6) are granted in part and denied in part. The motions to dismiss are denied as to the direct negligence claim against Mohamud and the vicarious liability claim against Amazon. The motions to dismiss are granted as to the direct negligence claims against Amazon and Sancity, including the negligent hiring and supervision claims, and as to the vicarious liability claim against Sancity. Plaintiff will be provided leave to amend.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[45]  *Allen*, 705 F. Supp. 3d at 308 (quoting *Ciotola*, 481 F. Supp. 3d at 390).